# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

**WOODBURCK NOE,**
    **Petitioner,**

        Vs.                              Case #2:08-cv-31-WKW

**ALABAMA BOARD OF**
**PARDONS & PAROLES, et al.,**
    **Respondents.**

## ANSWER TO PETITION FOR HABEAS CORPUS

Comes now the Alabama Board of Pardons & Paroles, and shows unto the Court as follows:

### Cause For Delay

During a particularly hectic period of several weeks' duration, during which a group of fifteen high-liability-risk cases in another District came to a crucial juncture, this case was inadvertently left off of counsel's calendar.

### Answer to Petition

1)    Petitioner has named the Warden, as custodian, as a nominal Respondent. This is entirely proper, as it is a jurisdictional requirement for a habeas petition. The Court has correctly identified the Board of Pardons & Paroles as the real party in interest in a petition challenging the revocation of parole.

2) However, his present status is not that of a revoked parolee, but that of an offender serving a subsequent sentence. His challenge to the revocation process is not ripe for adjudication, and does not present a justiciable controversy.

3) Petitioner was paroled from a life sentence for murder, out of Madison County Circuit Court.

4) Petitioner's parole was revoked over a new criminal offense.

5) However, the Board subsequently vacated the revocation order, after recognizing that the finding of fact appeared to be based on hearsay. The revocation proceedings were supposed to be remanded so that a parole court hearing officer could receive evidence of the violation.

6) Petitioner has been convicted in the Jefferson Circuit Court of Burglary Second Degree, and sentenced to a concurrent thirty-year sentence. This offense was committed while he was free on parole.

7) Petitioner is currently incarcerated pursuant to this subsequent sentence, Jefferson CC-2004-4332, which was imposed 19 April 2006.

8) Although a significant period of time has passed since the Board ordered a new hearing, petitioner has not been prejudiced by this

delay. The evidence has not changed. The State will rely on the judgment of conviction to prove the fact that petitioner violated the law. This is consistent with *Morrissey vs. Brewer,* 408 U.S. 471 (1972). Petitioner's life sentence for murder will not be extended as a result of the delay in completing the technical requirements for revocation of parole. Petitioner is currently serving a concurrent sentence of thirty years for the felony he committed while he was on parole. The delay in completing the revocation will not extend or increase the punishment for this crime.

9) The simple truth is that a delay occurred which cannot be explained. The most plausible hypothesis is that the file was returned to the file room, rather than being returned to the revocation unit to have another parole court scheduled.

10) Petitioner is scheduled for parole consideration on this thirty-year sentence in 2016.

11) Petitioner is lawfully incarcerated by virtue of the judgment of conviction imposed by the Jefferson Circuit Court in 2006.

12) His incarceration does not offend the Constitution or laws of the United States. However, the Board also needs to tie up the loose ends of the pending parole violation charges. Unreasonable delay

can eventually work to his prejudice, and could result in a future constitutional violation.

13) This matter has been before this Court before, in case ##2:06-CV-580-WKW.

14) If this action is dismissed without prejudice, the limitations period will not begin to run until the Board revokes petitioner's parole. The Courts of Alabama will be open to review the Board's actions.

WHEREFORE, premises considered, respondent moves the Court to dismiss the petition without prejudice.

Respectfully submitted,

TROY KING.
ATTORNEY GENERAL
KIN047

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL
GRI026

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2008, I electronically file the foregoing with the Clerk of the Court using the CM/ECF system with will send notification of such to the following: None, and I hereby certify that I have mailed by United States Postal Service the document to the following:

**WOODBURCK NOE**
**AIS# 148475**
**HAMILTON A&I CENTER**
**223 SASSER DRIVE**
**HAMILTON, ALABAMA 35570-6552**

Done this 1st day of April, 2008.

                Respectfully submitted,

                s/HUGH DAVIS
                DEPUTY ATTORNEY GENERAL
                State Bar # ASB-4358-D63F
                Alabama Board of Pardons and Paroles
                Post Office Box 302405
                301 S. Union Street
                Montgomery, Alabama 36130
                (334) 242-8700
                (334) 353-4423
                Hugh.Davis@paroles.alabama.gov