IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WOODBURCK NOE, # 148475, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-CV-31-WKW [WO] |
| | ) | |
| ALABAMA BOARD OF PARDONS AND PAROLES, *et al.*, | ) ) | |
| | ) | |
| Respondents. | ) | |

### **ORDER**

Before the court is the Magistrate Judge's Recommendation (Doc. # 34) to dismiss state inmate Woodburck Noe's petitition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. # 1.) Petitioner filed an Objection to the Magistrate Judge's Recommendation. (Doc. # 35.) The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b)(1). For the following reasons, the court adopts the Magistrate Judge's Recommendation and overrules Petitioner's Objection.

In his Objection, Mr. Noe argues that "[m]y attestation of the Parole Board violating my right to due process by failing to provide a prompt hearing should be deemed meritorious based on the presentations in this cause." (Doc. # 35, at 3.) Further, he states "[n]o valid reason was provided for the unnecessary, prejudicial, lengthy delay as to the respondent's commission or the magistrate judge's commission of a tactic to have me confined longer . . . ." (Doc. # 35, at 2.) Mr. Noe's objection is due to be overruled because he cannot show that he was prejudiced by Respondents' delay in conducting a new parole revocation hearing

after it vacated its original revocation order in August 2006.  *See United States v. Taylor*, 931 F.2d 842, 848 (11th Cir. 1991); *Goodman v. Keohane*, 663 F.2d 1044, 1046 (11th Cir. 1981).  Though Respondents' delay of Mr. Noe's parole revocation hearing until April 22, 2008 is troubling (Doc. # 30, Ex. A at 3), Mr. Noe could not have been prejudiced by such delay because he was already serving a 30 year sentence for his March 2006 conviction and April 2006 sentencing for Second Degree Burglary in the Circuit Court of Jefferson County, Alabama.  (Doc. # 30, Ex. A at 6; Doc. # 35, at 1.)  Therefore, a prompt parole revocation hearing, regardless of outcome, could not have had any favorable effect on Mr. Noe's inmate status between the period of August 2006 and April 2008.

Mr. Noe's objection to the Magistrate Judge's alleged delay is also overruled.  Mr. Noe promptly received the new revocation hearing he requested in his original petition; therefore any alleged delay by the Magistrate Judge resulted in no prejudice to Mr. Noe.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the Court that:

(1)   The objection filed by Petitioner on August 25, 2010 (Doc. # 35) is OVERRULED;

(2)  The Recommendation of the Magistrate Judge entered on August 17, 2010 (Doc. # 34) is ADOPTED; and

(3)  The instant 28 U.S.C. § 2254 petition for habeas relief is DISMISSED as moot because a favorable decision on the merits would not entitle Petitioner to any additional relief.

DONE this 27th day of September, 2010.

                                                      /s/ W. Keith Watkins
                                      UNITED STATES DISTRICT JUDGE